# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC CLARK | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-11-413 |
| COMMISSIONER J. MICHAEL STOUFFER and BRENDA SMITH | * | |
| Defendants | * | |

## MEMORANDUM OPINION

On February 15, 2011, Plaintiff Eric Clark filed the above-captioned Complaint, alleging that his life was in danger because prison officials were trying to move him to general population. See ECF No. 1. Given the serious nature of the allegations, the Court ordered Defendants to show cause why Plaintiff's request for injunctive relief should not be granted within twenty-one days from the date of the order. See ECF No. 2. The Court also directed Plaintiff to supplement his filing with either a Motion to Proceed *in forma pauperis* or the full filing fee. *Id.* On March 24, 2011, Defendants filed a response to the Order to Show Cause. See ECF No. 3. Plaintiff has not filed anything further in this case.

Defendants assert that Plaintiff's allegations of being targeted by prison gangs were investigated by Lieutenant Damon Thomas, the Intelligence Officer at North Branch Correctional Institution. ECF No. 3 at Ex. A. Plaintiff was interviewed by Thomas because information was received that he had trouble with gangs while confined at Eastern Correctional Institution. Id. Plaintiff indicated that he knows how to decipher certain codes involved in gambling and two gangs[1] tried to recruit him for help with their gambling activities. When he

---

[1] The Black Guerilla Family (BGF) and the Bloods were the two gangs referenced. ECF No. 3 at Ex. A.

refused, he became a target for the gangs. When Plaintiff was asked if he would consider a transfer to another state for purposes of protecting him from violence, he replied that his aging mother was not well and that he did not want to move far away from her. Thomas states that in his experience a prisoner who actually fears reprisal from a gang would not reject a transfer out of state. Id.

Thomas also contacted reliable confidential inmate informants in Plaintiff's housing unit to determine if there is a viable threat to Plaintiff's safety. Id. The informants, who have provided reliable information in the past, indicated that there was no plan or intention by members of the BGF or the Bloods to harm Plaintiff. Id. Given the lack of any objective evidence to support Plaintiff's claim that he is being threatened and his rejection of an out-of-state transfer, Defendants assert that Plaintiff's actual motive is to manipulate a more desirable housing assignment. Id.

A preliminary injunction is an extraordinary and drastic remedy. See Munaf v. Geren, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., __ U.S. __, 129 S.Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

In light of the evidence provided, it is unlikely Plaintiff will succeed on the merits of any claim that the issue of his safety is being ignored. It is equally clear that he is unlikely to suffer

irreparable harm absent court intervention. Lastly, Plaintiff was forewarned that his failure to supplement his Complaint with either the filing fee or a Motion to Proceed *in forma pauperis* would result in the dismissal of his case without further notice.

Accordingly, Plaintiff's request for injunctive relief will be denied and the Complaint will be dismissed without prejudice. A separate order follows.

Date: May 4, 2011 /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE